**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0609-24

ANDRE J. ORLANDO,

    Plaintiff-Appellant,

v.

LEWIS WILLIAMS,

    Defendant-Respondent,

 and

MARY ADAMS,

    Defendant.

_____

Submitted October 8, 2025 – Decided October 21, 2025

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1434-22.

Kohn, Needle & Silverman, attorneys (Daniel B. Needle, on the brief).

Sellar Richardson, PC, attorneys (John M. Kearney, of counsel and on the brief).

PER CURIAM

Plaintiff Andre J. Orlando appeals from a September 27, 2024 order granting summary judgment to defendant Lewis Williams and dismissing his complaint with prejudice for failure to satisfy N.J.S.A. 39:6A-8(a). We affirm.

We recite the facts from the motion record. In October 2020, plaintiff's car collided with a car driven by defendant. Plaintiff allegedly suffered injuries from the accident. At the time of the accident, plaintiff's car was insured under a policy containing a limitation on lawsuit option, also known as the verbal threshold.[1]

Plaintiff went to the hospital after the accident and reported pain in his left hand, head, and neck. The hospital conducted various diagnostic tests, which were negative for any injuries. The hospital discharged plaintiff the morning following the accident.

A few weeks later, plaintiff began treatment with a chiropractor for neck and low back pain.[2] Plaintiff continued treating with a chiropractor for six months. According to plaintiff, an MRI of his cervical and lumber spine about

---

[1] Plaintiff does not dispute his automobile insurance policy contained the limitation on lawsuit option restricting his right to seek damages for noneconomic injuries.

[2] The appellate record does not include plaintiff's chiropractic records.

A-0609-24

four months after the accident revealed cervical and lumbar disc bulges and herniations.[3]

In 2022, plaintiff sued defendant for injuries he sustained in the October 2020 car accident.[4] The parties exchanged discovery. While defendant retained a medical expert, plaintiff did not do so.

Defendant's medical expert conducted an independent medical examination (IME) of plaintiff about fifteen months after the accident. In addition to performing an IME, defendant's expert reviewed the limited medical records provided by plaintiff.

After the IME, defendant's expert issued a written report. He concluded plaintiff suffered a soft tissue injury to his spine from the accident. However, defendant's expert opined those injuries healed "without obvious permanent deficit." In reviewing plaintiff's 2021 MRI, the defense doctor noted "degenerative disc desiccation at all levels of the cervical spine" and partial disc desiccation at certain levels in the lumbar spine. According to defendant's expert, plaintiff "has multilevel degenerative disc disease of the lumbar spine

---

[3] The appellate record does not include any MRI reports of plaintiff's spine.

[4] Plaintiff voluntarily dismissed his claims against Mary Adams. Thus, we refer to Lewis Williams as defendant.

A-0609-24

and multilevel disc involvement which is also consistent with a chronic degenerative process." The defense expert's report further noted plaintiff had a prior car accident in 2012 and received chiropractic treatment for that accident. However, defendant's expert received no medical records from plaintiff related to that accident.

In answers to interrogatories, plaintiff did not allege the October 2020 accident aggravated any injuries attributable to his 2012 motor vehicle accident or any other prior injury. Rather, plaintiff asserted he was asymptomatic and had no pain before the 2020 accident. However, plaintiff's discovery responses failed to provide any documents from a previous motor vehicle accident or treatment records for any prior injuries.

After the close of discovery, defendant moved for summary judgment. Plaintiff opposed the motion.

In granting summary judgment to defendant, the judge found plaintiff failed to present any objective medical evidence required to vault the verbal threshold to sustain his lawsuit against defendant. Additionally, the judge held plaintiff required an expert "to causally relate the injury sustained to the accident in this particular case." Because plaintiff failed to provide objective medical

A-0609-24

evidence he suffered a permanent injury and lacked any expert evidence, the judge dismissed plaintiff's complaint for failure to vault the verbal threshold.

On appeal, plaintiff asserts the judge erred in finding he failed to submit objective medical evidence in support of a permanent injury. Further, plaintiff contends the judge erred in finding he required an expert report to causally relate his injuries to the October 2020 accident. Additionally, plaintiff argues the judge should have treated defendant's application as a motion to dismiss for failure to submit a late certificate of permanency. We reject these arguments.

We review a trial judge's decision on a motion for summary judgment de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Rule 4:46-2(c) provides a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A-0609-24

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

"Summary judgment should be granted, . . . 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman, 242 N.J. at 472 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We apply the summary judgment standard in cases where a defendant contends a plaintiff's injuries are insufficient to satisfy the verbal threshold. Davidson v. Slater, 189 N.J. 166, 187 (2007) ("[T]he court should decide 'whether the injury alleged would, if proven, meet the requirements of one of the verbal threshold categories.'" (quoting Dowin v. Shaw, 129 N.J. 290, 294 (1992))).

The verbal threshold was enacted as part of the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1.1 to -35. AICRA is a "cost-

6

containment measure that provides lower premium payments in exchange for a limitation on the insured's right to sue for noneconomic damages." Agha v. Feiner, 198 N.J. 50, 60 (2009) (citing DiProspero v. Penn, 183 N.J. 477, 480-81 (2005)).

AICRA bars suits for noneconomic loss for plaintiffs who elect to purchase policies with the limitation on lawsuit option unless the plaintiff proves they suffered one of six statutorily defined injuries. See N.J.S.A. 39:6A-8(a). In this case, the only qualifying injury alleged is "a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." Ibid.

Proving an injury to vault the threshold under AICRA is two-fold, requiring "a showing of both causation and permanency." Espinal v. Arias, 391 N.J. Super. 49, 58 (App. Div. 2007). A permanent injury occurs when a damaged "body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8(a).

To vault the threshold, a plaintiff must prove the existence of a permanent injury based on "objective clinical evidence." Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 234 (App. Div. 2020). "[T]he necessary objective evidence

7

must be 'derived from accepted diagnostic tests and cannot be "dependent entirely upon subjective patient responses."'" <u>Agha</u>, 198 N.J. at 60 (quoting <u>Davidson</u>, 189 N.J. at 181). Further, an injured plaintiff subject to the limitation on lawsuit option must file a certification by a physician attesting, "'under penalty of perjury,' that the injury satisfies one of the six statutory categories." <u>Serrano v. Serrano</u>, 183 N.J. 508, 514 (2005) (quoting <u>DiProspero</u>, 183 N.J. at 488-89). A plaintiff who fails to provide objective medical evidence demonstrating a permanent injury cannot vault the threshold. <u>See Agha</u>, 198 N.J. at 61.

An MRI report, if admissible, may qualify as objective medical evidence of a permanent injury. <u>Ibid.</u> Although plaintiff refers to an MRI report in his merits brief and answers to interrogatories in support of a permanent injury, he failed to provide the MRI report in opposition to the motion for summary judgment. Nor did plaintiff include a copy of the MRI report in the record on appeal.

Even if plaintiff submitted the MRI report in opposition to summary judgment, he still would not vault the verbal threshold. An MRI report is admissible only when interpreted "by a physician qualified to read such films"

and may not be "bootstrapped into evidence" through a non-declarant witness. Brun v. Cardoso, 390 N.J. Super. 409, 420 (App. Div. 2006).

Here, plaintiff failed to name any physician qualified to interpret his MRI report and certify that he suffered a qualifying injury under AICRA. Without any competent and admissible evidence showing permanence of his alleged injuries or causally linking them to the accident, plaintiff's claims, which are subject to the verbal threshold, failed as a matter of law. Thus, the judge properly granted summary judgment.

We also reject plaintiff's argument that the judge should have allowed the filing of a late certification of permanency in support of his vaulting the verbal threshold. A certification of permanency submitted in accordance with N.J.S.A. 39:6A-8(a) does not establish prima facie evidence of a permanent injury to preclude the entry of summary judgment. Rios v. Szivos, 354 N.J. Super. 578, 584 (App. Div. 2002). "[T]he certification is necessary to state a claim, not establish a claim and the certification will be subject to the usual discovery and summary judgment process." Rogozinki v. Turs, 351 N.J. Super. 536, 552 (App. Div. 2002). As we explained:

> Indeed, the certification is merely a statement of a conclusion, by a board certified physician, that the plaintiff has sustained an injury that falls within one of the categories of injuries in the statutory threshold. As

9

the statute provides, the certification must be based upon and refer to objective clinical evidence. The factual basis of the certification may, however, be called into question. The conclusion that the plaintiff has sustained a permanent injury as defined in the law may be subject to challenge. All of these issues may properly be raised by the defendant on a motion for summary judgment.

[Ibid.]

As previously stated, plaintiff proffered no objective clinical evidence that he sustained a permanent injury. Nor did plaintiff provide any evidence causally connecting any permanent injury to the October 2020 accident. In the absence of such evidence, the judge properly granted summary judgment to defendant.

To the extent we have not specifically addressed plaintiff's remaining arguments, we are satisfied they lack sufficient merit warranting discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10

A-0609-24